**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


EARL BARLEY,                    :
                                        10-6426 (JBS)
          Petitioner,           :

     v.                         :    OPINION

WARDEN JOSEPH BONDISKEY,        :

          Respondent.           :
```

**APPEARANCES:**

Petitioner pro se
Earl Bailey
#189665
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE**, District Judge

    Petitioner Earl Bailey, a pre-trial detainee currently confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, has submitted a petition for a writ of habeas corpus[1] and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).  The respondent is Warden Joseph Bondiskey.

---

    [1] The Petition asserts jurisdiction pursuant to 28 U.S.C. § 2241 but was docketed under 28 U.S.C. § 2254.  For state prisoners, § 2254 is a post-conviction remedy.  Jurisdiction to grant the writ to pre-trial detainees exists, however, under 28 U.S.C. § 2241.  See Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975).

Based on his affidavit of indigence, the Court will grant Petitioner Earl Bailey's application to proceed in forma pauperis.  Because it appears from a review of the Petition that Petitioner Bailey is not entitled to issuance of the writ at this time, the Court will dismiss the Petition.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner asserts that he was arrested as a "victim of circumstance" for having been present at the scene of a police response to a domestic violence emergency call.  He alleges that he does not know the individuals involved but despite his lack of involvement he was searched and arrested.  He then alleges that once in custody he was denied a probable cause hearing because the Atlantic City Municipal Court does not hear probable cause motions any longer.  According to documents attached to the Petition, the response from the Municipal Court was "Please be advised our court doesn't hear proable [sic] cause hearing [sic] any longer, contact Superior Court for more information."

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

### III.  ANALYSIS

Addressing the question whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the Court of Appeals for the Third Circuit has held:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present ... ;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a

>   special showing of the need for such adjudication
>   and has exhausted state remedies.

Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975).

As noted above, Petitioner does not allege that he has exhausted his state remedies in any way.  In the absence of exhaustion, this Court should exercise pre-trial habeas jurisdiction only if "extraordinary circumstances are present." Petitioner has alleged no extraordinary circumstances. Accordingly, there is no basis for this Court to intervene in a pending state criminal proceeding.

This Court expresses no opinion as to the merits of Petitioner's claim.

## IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.


                                          **s/ Jerome B. Simandle**
                                          Jerome B. Simandle
                                          United States District Judge

Dated: **August 4, 2011**